ADAM PAUL LAXALT
Attorney General
DARBY G. PHELPS, Bar No. 14599
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1159
E-mail: dphelps@ag.nv.gov

*Attorneys for Defendants*

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 17 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN D. PAMPLIN,

    Plaintiff,

v.

JAMES DZURENDA, et al.,

    Defendants.

Case No. 3:17-cv-00716-MMD-CBC

ORDER

MOTION FOR EXTENSION OF TIME TO
FILE A RESPONSE TO PLAINTIFF'S
MOTION FOR PRELIMINARY,
REPARATIVE AND MANDATORY
INJUNCTION (ECF NO. 1-4)
(FIRST REQUEST)

    Defendants, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Darby G. Phelps, Deputy Attorney General, hereby submit their Motion for Extension of Time to File a Response to Plaintiff's Motion for Preliminary, Mandatory and Reparative Injunction (ECF No. 1-4) (First Request). This Motion is based on Federal Rule of Civil Procedure 6(b)(1)(A), the following Memorandum of Points and Authorities, and all papers and pleadings on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

    Defendants respectfully request a fourteen (14) day extension of time out from the current deadline (December 17, 2018) to file a response to Plaintiff's Motion for Preliminary, Mandatory and Reparative Injunction (ECF No. 1-4).

    On December 3, 2018, the Court screened Plaintiff's First Amended Complaint ("Complaint") and allowed Plaintiff to proceed on Eighth Amendment claims for medical deliberate indifference and conditions of confinement, as well as Americans with Disabilities Act ("ADA") and Rehabilitation Act

1

("RA") claims. ECF No. 5 at 14. Plaintiff alleges the violations occurred at Ely State Prison ("ESP") and Northern Nevada Correctional Center ("NNCC").

Plaintiff filed his Motion for Preliminary Reparative and Mandatory Injunction (ECF No. 1-4) ("Motion") on December 13, 2017, prior to the issuance of the screening order. The Court addressed the Motion in the Screening Order, and directed Defendants "to file their response to Plaintiff's motion for a preliminary injunction seeking release from solitary confinement and seeking therapy. Among other things, the response must inform the Court whether Plaintiff is currently in solitary confinement and what exercise, physical therapy, and emotional therapy Plaintiff is currently undergoing." ECF No. 5 at 13.

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants' request is timely and its limited nature will not hinder or prejudice Plaintiff's case. Plaintiff was housed at ESP at the time Plaintiff filed the Motion. Plaintiff is now housed at Warm Springs Correctional Center ("WSCC"), where he has been since September 13, 2018. Exhibit A ("Bed History") at 3. WSCC is a flat yard, and all inmates housed at WSCC are either general population ("GP") level one or GP level two.[1] There are no inmates housed in disciplinary segregation ("disc-seg") or administrative segregation ("ad-seg") at WSCC. Inmates needing to be housed in disc-seg or ad-seg are transferred to another institution. Plaintiff's request to be transferred out of "solitary confinement" to a facility with a flat yard is moot because Plaintiff is now housed in GP at a flat yard facility.

However, Defendants request an extension of time for the purpose of determining what physical therapy and mental health therapy Plaintiff is currently undergoing, and for obtaining declarations regarding the same. Defendants have requested Plaintiff's mental health records and are currently waiting to receive them. Defendants have also requested that an RN look through Plaintiff's medical records to determine whether Plaintiff has been receiving proper treatment for his drop foot condition.

---

[1] Defendants have requested a signed declaration attesting to these facts regarding WSCC.

1       The requested fourteen (14) day extension of time should permit Defendants time to adequately research and respond to Plaintiff's allegations. Defendants assert that the requisite good cause is present to warrant the requested extension of time.

      For these reasons, Defendants respectfully request a fourteen (14) day extension of time from the current deadline to file a response to Plaintiff's Motion for Preliminary, Mandatory and Reparative Injunction, with a new deadline to and including Monday, December 31, 2018.

      DATED this 14th day of December, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
DARBY G. PHELPS
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 12/17/2018

3

## EXHIBIT LIST

A. Exhibit A – Bed History

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 14th day of December, 2018, I caused to be deposited for mailing a true and correct copy of the foregoing, **MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY, REPARATIVE AND MANDATORY INJUNCTION (ECF NO. 1-4) (FIRST REQUEST)**, to the following:

John D. Pamplin #74405
Warm Springs Correctional Center
P.O. Box 7007
Carson City, NV 89702

/s/
An employee of the
Office of the Attorney General

# EXHIBIT A

## Bed History

# EXHIBIT A



# State of Nevada
# Department of Corrections

### Historical Bed Assignments

**Offender Name:** PAMPLIN, JOHN  
**NDOC ID:** 74405  
**Booking No:** 074405  

**Status:** ACTIVE-IN  
**Booking Begin Date:** 10/14/2002  
**Booking End Date:**

| Location | Assignment Begin Date | Assignment End Date |
|---|---|---|
| HDSP-U1-D-40-A | 10/14/2002 | 11/29/2002 |
| HDSP-U1-D-42-B | 11/29/2002 | 12/05/2002 |
| HDSP-U5-B-5-A | 12/05/2002 | 01/16/2003 |
| HDSP-U2-B-41-A | 01/16/2003 | 03/20/2003 |
| HDSP-U7-A-34-B | 03/20/2003 | 03/26/2003 |
| LCC-U5-A-18-A | 03/26/2003 | 05/20/2003 |
| LCC-U4-B-15-A | 05/20/2003 | 05/29/2003 |
| LCC-U4-B-85-A | 05/29/2003 | 01/12/2004 |
| NNCC-U3-B-2-J | 05/29/2003 | 05/29/2003 |
| NNCC-U3-B-2-E | 01/12/2004 | 01/15/2004 |
| NNCC-U3-A-6-J | 01/15/2004 | 01/29/2004 |
| NNCC-U3-B-7-F | 01/29/2004 | 07/07/2004 |
| NNCC-U3-C-7-C | 07/07/2004 | 07/29/2004 |
| NNCC-U3-B-6-K | 07/29/2004 | 01/11/2005 |
| NNCC-U3-B-6-M | 01/11/2005 | 04/05/2005 |
| NNCC-U3-B-7-M | 04/05/2005 | 02/10/2006 |
| NNCC-U3-B-3-D | 02/10/2006 | 03/08/2006 |
| NNCC-U3-B-3-H | 03/08/2006 | 08/13/2007 |
| NNCC-RC | 08/13/2007 | 08/13/2007 |
| NNCC-U3-B-4-D | 08/13/2007 | 08/15/2007 |
| SCC-RC | 08/15/2007 | 08/15/2007 |
| NNCC-U3-B-4-D | 08/15/2007 | 10/01/2007 |
| NNCC-U3-B-3-H | 10/01/2007 | 03/04/2008 |
| NNCC-U10-A-1-S | 03/04/2008 | 03/11/2008 |
| NNCC-U10-A-5-S | 03/11/2008 | 10/27/2008 |
| NNCC-U10-A-1-W | 10/27/2008 | 12/14/2009 |
| NNCC-U7-B-29-A | 12/14/2009 | 12/17/2009 |
| NNCC-U7-B-40-A | 12/17/2009 | 12/30/2009 |
| NNCC-U7-B-37-A | 12/30/2009 | 01/06/2010 |
| NNCC-U10-A-1-A | 01/06/2010 | 01/06/2010 |
| NNCC-U10-A-2-G | 01/06/2010 | 04/29/2010 |
| NNCC-U7-A-3-A | 04/29/2010 | 05/03/2010 |
| NNCC-U7-A-37-A | 05/03/2010 | 05/13/2010 |
| NNCC-U7-A-34-A | 05/13/2010 | 05/29/2010 |
| NNCC-U7-A-35-B | 05/29/2010 | 06/03/2010 |
| NNCC-U7-A-29-B | 06/03/2010 | 06/03/2010 |
| NNCC-U7-A-29-A | 06/03/2010 | 06/21/2010 |
| NNCC-U7-A-10-A | 06/21/2010 | 07/13/2010 |
| NNCC-U7-A-16-A | 07/13/2010 | 07/20/2010 |
| HDSP-RC | 07/20/2010 | 07/20/2010 |
| HDSP-U2-A-32-A | 07/20/2010 | 02/21/2012 |



# State of Nevada
# Department of Corrections

Historical Bed Assignments

**Offender Name:** PAMPLIN, JOHN  
**NDOC ID:** 74405  
**Booking No:** 074405  

**Status:** ACTIVE-IN  
**Booking Begin Date:** 10/14/2002  
**Booking End Date:**

| Location | Assignment Begin Date | Assignment End Date |
|---|---|---|
| HDSP-U2-C-3-A | 02/21/2012 | 07/11/2012 |
| ESP-U2-B-30-A | 07/11/2012 | 01/15/2013 |
| ESP-U6-B-4-B | 01/15/2013 | 01/28/2013 |
| ESP-U6-B-9-B | 01/28/2013 | 01/31/2013 |
| ESP-U6-A-1-A | 01/31/2013 | 02/06/2013 |
| ESP-U6-A-2-B | 02/06/2013 | 03/07/2013 |
| ESP-U6-A-2-A | 03/07/2013 | 03/07/2013 |
| ESP-U6-A-5-A | 03/07/2013 | 03/20/2013 |
| ESP-U2-B-16-B | 03/20/2013 | 06/21/2013 |
| ESP-U9-A-12-A | 06/21/2013 | 07/02/2013 |
| ESP-U2-B-5-B | 07/02/2013 | 08/09/2013 |
| ESP-U5-B-13-B | 08/09/2013 | 09/16/2013 |
| ESP-U5-B-13-A | 09/16/2013 | 10/14/2013 |
| ESP-U4-B-3-A | 10/14/2013 | 10/15/2013 |
| ESP-U3-B-12-A | 10/15/2013 | 05/21/2014 |
| ESP-U1-A-7-B | 05/21/2014 | 08/07/2014 |
| ESP-U7-B-22-B | 08/07/2014 | 08/10/2014 |
| ESP-U9-A-26-A | 08/10/2014 | 08/11/2014 |
| ESP-U1-A-7-B | 08/11/2014 | 08/15/2014 |
| ESP-U9-A-5-A | 08/15/2014 | 09/03/2014 |
| ESP-U2-A-4-B | 09/03/2014 | 10/23/2014 |
| ESP-U5-A-16-B | 10/23/2014 | 11/07/2014 |
| ESP-U9-A-5-A | 11/07/2014 | 11/17/2014 |
| ESP-U2-A-2-B | 11/17/2014 | 04/21/2016 |
| LCC-U5-A-6-A | 04/21/2016 | 04/24/2016 |
| LCC-U4-A-2-A | 04/24/2016 | 05/10/2016 |
| LCC-U5-A-1-A | 05/10/2016 | 05/11/2016 |
| LCC-U4-A-9-A | 05/11/2016 | 07/28/2016 |
| LCC-RC | 07/28/2016 | 07/28/2016 |
| WSCC-RC | 07/28/2016 | 07/28/2016 |
| WSCC-U4-B-2-A | 07/28/2016 | 08/02/2016 |
| WSCC-U4-B-26-A | 08/02/2016 | 08/03/2016 |
| WSCC-U4-B-1-A | 08/03/2016 | 08/04/2016 |
| NNCC-RC | 08/04/2016 | 08/04/2016 |
| NNCC-U7-A-10-A | 08/04/2016 | 08/05/2016 |
| NNCC-U2-B-4-B | 08/05/2016 | 09/02/2016 |
| NNCC-U2-B-3-K | 09/02/2016 | 09/06/2016 |
| NNCC-U7-B-8-A | 09/06/2016 | 01/03/2017 |
| ESP-U9-A-12-A | 01/03/2017 | 01/05/2017 |
| ESP-U2-A-2-B | 01/05/2017 | 01/16/2017 |
| ESP-U3-B-13-A | 01/16/2017 | 05/11/2017 |



# State of Nevada
# Department of Corrections

Historical Bed Assignments

**Offender Name:** PAMPLIN, JOHN  
**NDOC ID:** 74405  
**Booking No:** 074405  

**Status:** ACTIVE-IN  
**Booking Begin Date:** 10/14/2002  
**Booking End Date:**

| Location | Assignment Begin Date | Assignment End Date |
|---|---|---|
| ESP-U4-A-13-B | 05/11/2017 | 05/27/2017 |
| ESP-U3-A-6-A | 05/27/2017 | 12/13/2017 |
| ESP-U10-HA | 12/13/2017 | 12/13/2017 |
| ESP-U2-A-16-B | 12/13/2017 | 01/17/2018 |
| ESP-U2-A-13-B | 01/17/2018 | 02/28/2018 |
| ESP-U9-A-6-A | 02/28/2018 | 03/12/2018 |
| ESP-U8-A-9-B | 03/12/2018 | 05/04/2018 |
| ESP-U8-A-16-B | 05/04/2018 | 09/13/2018 |
| WSCC-RC | 09/13/2018 | 09/13/2018 |
| WSCC-U4-B-4-A | 09/13/2018 | 11/07/2018 |
| WSCC-RC | 11/07/2018 | 11/07/2018 |
| WSCC-U4-B-1-A | 11/07/2018 | 11/20/2018 |
| WSCC-RC | 11/20/2018 | 11/20/2018 |
| WSCC-U4-B-3-A | 11/20/2018 | 11/29/2018 |
| WSCC-RC | 11/29/2018 | 11/29/2018 |
| WSCC-U4-B-1-A | 11/29/2018 | Offenders Current Location |

Report Name: OMDHBA  
Reference Name: NOTIS-RPT-OR-0196  
Run Date: DEC-04-18 11:04 AM

Terrance Walker, *in propria persona*
212 Hillcrest Drive # 1
Reno, NV  89509
Tel: +1.775.971.8679
Email: walkerbillion@gmail.com

# IN THE UNITED STATES DISTRICT COURT FOR NEVADA

| Terrance Walker | : CIVIL CASE NO. 3:18-CV-0132-MMD (CBC) |
|---|---|
| Plaintiff, | : |
| vs. | : PLAINTIFFS' EX PARTE MOTION |
| Intelli-heart Services, Inc | : FOR CLARIFICATION OF ORDER |
| Defendants. | : AND RULING |

Plaintiff Terrance Walker respectfully requests clarification of in-court rulings on Dec. 14, 2018:

1) Pursuant to the Case Management Order (ECF 50), Plaintiff chronicled the discovery completed, discovery outstanding, and objections on December 7, 2018 (EFC 52). Pursuant to in-court rulings on Dec. 14, 2018, the Court ruled that Plaintiff made "personal attacks" in EFC 52 and implied that he could prosecute federal offenses therein. The court issued related sanctions warnings.

2) In EFC 52, Plaintiff stated of Defendant's proposed protective order that Defendant's , "proposed protective order would also be in violation of Plaintiff's other whistleblower protections. Plaintiff should not be forced to be in a catch-22 position of violating a COURT ORDER OR Federal law. The proposal of Defendant would put Plaintiff in such position." (EFC 52, page 3)

3) Yet, Plaintiff is perplexed as to how that (or anything within EFC 52) constitutes "personal attacks" or implied that he could prosecute federal offenses.

4) Plaintiff therefore seeks clarification of the court's in-court rulings made on Dec. 14, 2018.

5) To be sure, Plaintiff does not challenge or seek reconsideration of the Court's order or rulings. Plaintiff also does not wish to burden this Court with more papers.

6) With that said, Plaintiff believes that he would be prejudiced if the Court considers Plaintiff's further case management filings without setting forth a clear statement regarding the scope of the Court's rulings and warnings made on Dec. 14, 2018. This is especially a concern if the Court does not devote much time for in-court argument, as was the case Dec. 14, 2018. Plaintiff fears his rights to articulate his positions (which are –in this instance -- contrary to the Court's characterizations), rights to have fair warning of the proscribed conduct, and rights to due process (and a full and fair hearing) are in jeopardy due to the vagueness of the ruling and warnings.

7) A party who has "doubt about the lawfulness of a proposed course of action" can "ask the district court for guidance." See e.g. <u>Infusaid Corp. v. Intermedics Infusaid, Inc.</u>, 756 F.2d 1, 2 (1st Cir. 1985).

8) Therefore, in the interest of justice and fairness, Plaintiff respectfully request clarification of the Court's rulings; specifically, the sentences (in EFC 52) that comprised personal attacks **and** implied Plaintiff could prosecute federal crimes. Plaintiff also requests clarification of the attendant warnings made on Dec. 14, 2018.

WHEREFORE, Plaintiff requests an Order clarifying such.

Respectfully Submitted,

<u>By /s/ TERRANCE WALKER</u>                              Dated: December 14, 2018

Terrance Walker

CERTIFICATE OF SERVICE

The undersigned certifies that the undersigned is over the age of 18 and that on December 14, 2018, that he personally served all parties to this case by the electronic filing system one copy of this filing to the parties at the address listed below.

/s/ <u>TERRANCE WALKER</u>

signed, Terrance Walker/s/ TERRANCE WALKER
Copy to: Will Geddes, Esq. THE GEDDES LAW FIRM, P.C. 8600 Technology Way, Suite 107 Reno, Nevada 89521
Phone: (775) 853-9455 Fax: (775) 853-6899 E-Mail: Will@TheGeddesLawFirm.com

**IT IS SO ORDERED:**




UNITED STATES MAGISTRATE JUDGE,

DATED: _____

2