UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN DAVID PAMPLIN, | Case No. 3:17-cv-00716-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| WARDEN R. BAKER, *et al.*, | |
| Defendants. | |

Plaintiff, an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC"), initiated this civil rights action under 42 U.S.C. § 1983 on December 13, 2017. (ECF No. 1.) Before the Court is Plaintiff's Motion Requesting Dismissal Without Prejudice and Allowed Time to Refile Properly Exhausted Claim (the "Motion") (ECF No. 61).[1] For the reasons discussed herein, the Court grants the Motion but only as to Plaintiff's request for dismissal without prejudice.

The Complaint alleges that Defendants housed Plaintiff in solitary confinement between 2010 to 2017. (ECF No. 6 at 6-7.) The Court issued a screening order permitting Plaintiff to proceed with his claims involving violations of the Eighth Amendment, the American with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794. (ECF No. 5 at 14-15.) On November 26, 2019, Defendants filed a motion for summary judgment arguing *inter alia* that Plaintiff failed to exhaust his administrative remedies before filing the Complaint, as required under the Prison Litigation Reform Act ("PLRA").

///

---

[1]The Court has also reviewed Defendants' Partial Opposition to Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 62 (arguing that the Court should dismiss this case with prejudice because Plaintiff failed to exhaust his administrative remedies and the applicable two-year statute of limitations bar Plaintiff's claims)) and Plaintiff's reply (ECF No. 63).

1  (ECF No. 56.) Instead of responding to the motion, Plaintiff filed the current Motion on
2  December 9, 2019. (ECF No. 61.)

3  Plaintiff may seek dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(2) if the opposing party has already served an answer. Rule 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision to grant or deny a request pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and is reviewed only for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Dismissal pursuant to Rule 41(a)(2) should be granted unless Defendants can show that it will suffer some clear legal prejudice as a result, which they have not. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The Court will partially grant Plaintiff's Motion and dismiss this action without prejudice, but the Court will deny Plaintiff's request for leave to refile his claims after exhausting his administrative remedies.[2] Plaintiff will have to file his exhausted claims in a new action.

It is therefore ordered that Plaintiffs' Requesting Dismissal Without Prejudice and Allowed Time to Refile Properly Exhausted Claim (ECF No. 61) is granted as discussed herein. Dismissal is without prejudice.

It is further ordered that the remaining pending motions in this case (ECF Nos. 53, 56, 57) are denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 15th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court declines to address the merits of Defendants' arguments in their opposition. (ECF No. 62.)